JOHN JOHNSON, Ordinary, for use, &c., plaintiff in error, *vs.* SAMUEL J. KOOCKOGEY and another, defendants in error.

*The second section of the Act of 1852, "to regulate the mode of sueing the bonds of executors, administrators, and guardians," is merely remedial, and therefore, it may constitutionally apply to cases founded on bonds made before the passage of the Act.*

Debt, in Muscogee. Decision on demurrer, by Judge WORRILL, at chambers, May Term, 1857.

This was an action of debt, on an administration bond, brought by John Johnson, Ordinary, for the use of the distributees of Sarah C. Koockogey, against Samuel J. Koockogey, administrator of Sarah C. Koockogey, deceased, and Samuel Koockogey, his surety on said bond.

The bond upon which this suit is brought, bears date the 7th August, 1851; is in the penal sum of six thousand dollars, and is in the usual form, and with the usual condition.

The declaration alleges a breach of the condition, in this, that said administrator has not performed the duties of administrator, but has wholly failed and neglected to discharge and perform the same, and has failed and neglected to pay and turn over the estate and property of his intestate, to the distributees and heirs at law, whereby an action hath accrued, &c.

To this declaration defendants demurred, on the ground that an action on the bond would not lie, in the first instance, against the administrator and the security; that this bond being executed prior to the Act of 1851–'2, suit could not be maintained upon it by virtue of the provisions of that Act.

The Court sustained the demurrer, and dismissed the action, and plaintiff excepted.

HOLT & HUTCHINS, and B. HILL, for plaintiff in error.

JONES & JONES, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

The action in this case, was brought under the second section of the Act of 1852, " to regulate the mode of sueing the bonds of executors, administrators and guardians." *Acts of* 1851–'2, 235.

And there is no doubt, that that section authorized the action to be brought, if the Act can constitutionally apply to laws founded on bonds of older date, than the date of the Act.

And we think, that the Act can.

The Act is only a *remedial* Act. It is *entirely* conversant with remedy. It does not say that the liability of the sureties to whom it refers, shall become primary or, shall, in any respect, cease to be secondary. The last section of the Act, contains these words: "That when judgment shall be obtained against principal and sureties, as aforesaid, the property of the sureties shall not be levied on until that of the principal shall be exhausted, which shall be evidenced by a return of *nulla bona.*"

By the old law, the Act of 1820, an heir might sue the parties to the administrator's bond, but by that law, he had to bring two suits, in order to reach them all, first, a suit against the administrator alone, then a suit against his sureties. At least, this was what was held in *Justices, &c. vs. Sloan,* 7 *Ga.* 31, a decision, however, which I much question. By this new law, he may reach them all in one and the same suit, but he can reach them in that suit, only *in the same order,* in which he would have reached them, by the old law, in two suits. This is the whole effect of the new law. And this is an effect, on remedy, not on right.

But statutes changing a man's remedies, have never been held to be unconstitutional.

We think, therefore, that the Court below erred, in sustaining the demurrer.

                              Judgment reversed.